[Crim. No. 8305. Second Dist., Div. Three. May 15, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. JOSEF BALCOM ROOF, Defendant and Appellant.

Ruffo Espinosa for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Plaintiff and Respondent.

SHINN, P. J.—Accused by information of three offenses of grand theft, defendant was convicted in a jury trial of two offenses; no agreement having been reached as to a third count it was dismissed and defendant was granted probation conditioned upon his spending 90 days in jail and paying a fine of $200. He appealed from the order granting probation as from a judgment.

The offenses consisted of defendant's obtaining $237 from a Mr. Steele and $260.28 from a Mr. Rodriguez upon representation that he would install two-way radio equipment in their automobiles or trucks. The contract price for the Steele equipment was $1,800 and for that of Rodriguez $1,919.28. Steele and Rodriguez were told they would have to apply for FCC licenses for the use of mobile radio equipment. Defendant was 19 years old. He started in business under the name of Pacific Engineers. He did not have any equipment, but proposed to acquire needed equipment for the Steele and Rodriguez jobs from supply houses. He admitted having received the money upon account of the contract prices for the equipment and he also admitted on the stand the use of the money for his personal expenses. He described efforts he had made to obtain financing for the contracts he had undertaken and other efforts he had made to meet his obligations.

This brief review of the evidence is sufficient to show that it furnished ample support for the verdicts. It is also adequate for a consideration of an incident that occurred in the direct examination of a police officer which, it is contended, deprived defendant of a fair trial.

Curtis Frank, a police officer of the City of Santa Monica, testified that he investigated the case and that he had had two conversations with defendant at the police station; defendant stated that he had received various sums of money, including sums he had received from Mr. Steele and Mr. Rodriguez. The witness had made a memorandum of the conversations and used it in giving his testimony. He was asked by the district attorney to state what was said by the defendant which the officer had included in his memorandum and the deputy said to the witness: "Incidentally, if there is anything

in the instrument that does not relate to the case in question, or should not be used to — not mentioned — just relate to the conversation." Defendant stated to the officer that he had made arrangements for installation of the equipment he had promised to install. The officer asked defendant what he had done with the money, and testified "and he stated that he had been charged with contributing to the delinquency of a minor — The Court: All right, we can forget about that. Let us proceed. The Witness: And that he needed the money for his financial obligations, and that's where the money went." No request was made that the court admonish the jury to disregard the statement of the officer with respect to defendant's admission that he had been in trouble and the court gave no admonition except to say "we can forget about that."

It seems evident that the district attorney knew what was in the memorandum from which the officer was testifying, and that he was cautioning the officer to omit the statement of defendant that he had been charged with contributing to the delinquency of a minor. It appears clearly from the record that such was the purpose of the district attorney, and that he expected that the witness would omit the objectionable statement. There is no reason to doubt that the officer understood the cautionary instruction he had received from the district attorney and that he purposely disregarded it, realizing that harm to defendant would result from a disclosure of the admission. We are of the opinion that an admonition of the court to the jury to disregard the testimony in question would have been unavailing and that it is of no consequence that none was given or requested.

█ Where evidence has been improperly admitted which is calculated to result in prejudice to the accused, the weighing of the harm that has resulted involves the impact of the evidence upon the character and integrity of the accused and an appraisal of the conflicting evidence and inferences pointing to guilt or innocence. The same may be said as to the efficacy of an instruction to the jury to disregard the questioned evidence. █ It is, of course, well recognized that facts that have been impressed upon the minds of jurors which are calculated to materially influence their consideration of the issues cannot be forgotten or dismissed at the mere direction of a court. Among the facts which are generally considered to be incapable of obliteration from the minds of the jurors by the court's direction is the fact that the ac-

cused has been previously charged with or convicted of a crime. (*People* v. *Ozuna*, 213 Cal.App.2d 338 [28 Cal. Rptr. 663] and cases cited.)

The court's statement "All right, we can forget about that. Let us proceed" should not be criticized as too casual and informal. The court very properly did not wait for a motion to strike the officer's statement and a request for an admonition to the jury. The more that is made of such incidents the more the harm that is likely to result. The defendant's attorney should not have to bear the entire responsibility. The situation is entirely different from one where there is an opportunity to register an objection and none is made. When the harmful testimony is clearly improper for the jury's consideration the court should take the initiative to strike it and admonish the jury to disregard it. If the court fails to do this, and the harm is such that it can probably be removed by the court's admonition, counsel should, of course, take the initiative. If the testimony of Officer Frank had not cut so deep the court's casual treatment of it would probably have been just as effective as a more forceful admonition, but the harm had been done and could not have been undone.

The only defense Roof had to offer was that he acted without fraudulent intent. He was only 19 years of age and inexperienced. He made unequivocal promises of what he could and would do, but no false representations of fact. If he had no intention of keeping his promises he was guilty of fraud. If he intended to furnish the equipment as promised and made an honest effort to furnish it, his promises, even if foolish, were free from criminal intent. The charge upon which he was acquitted was the obtaining of $308 from a Mr. Agajanian as a downpayment upon equipment. When he was unable to fulfill his contract he sent a Mr. Garabedian, who was in the radio equipment business, to Mr. Agajanian to supply the promised equipment to Agajanian's satisfaction. The effort was not successful. He sent a Mr. Somers, also a radio equipment supplier to Mr. Steele and Mr. Rodriguez. Somers endeavored to make deals in which the customers would get the equipment and be given credit for the sums that had been paid to Roof. Defendant also contacted several finance companies in an endeavor to sell them the contracts for funds that would enable him to complete the jobs. These efforts failed. He was acquitted upon the transaction with Agajanian, although it differed little from the others. The jurors could have believed that he acted

in good faith in making promises to Steele and Rodriguez which he was unable to keep. ■ A presumption of good faith and honest dealing stood in his favor. He was presumed to be of good character. ■ When that presumption was taken away from him he was deprived of the only defense that had been available. Instead of appearing to the jurors as an ambitious and energetic youth endeavoring to construct for himself a business career, he was pictured as a juvenile delinquent, who had been accused of a serious moral offense. It is self-deceptive to believe that the harmful effect of the officer's testimony was removed by the court's remark: "All right, we can forget about that." The district attorney did all that was required of him under the circumstances when he admonished the officer to relate only matters that pertained to the case. It is immaterial whether the officer's disregard of the warning was willful or witless. It is the effect of the officer's statement, and not the motive behind it, which is determinative of the question whether the case of defendant was substantially impaired. It was a close question whether defendant was merely a visionary and impractical young man or a budding confidence man at the age of 19. Although neither the court nor the deputy district attorney was at fault, we believe the issue was not fairly tried.

The judgment is reversed.

Ford, J., and Files, J., concurred.